**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Loc Huu Nguyen, | No. CV-26-02365-PHX-KML (CDB) |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rosa, Jr., | |
| Respondent. | |

On April 6, 2026, petitioner Loc Huu Nguyen filed a petition for writ of habeas corpus. (Doc. 1.) That petition argued Nguyen's continued detention was unlawful because there was no significant likelihood he would be removed to his home country of Vietnam. The court issued an order to show cause requiring respondent to explain why the petition should not be granted. That order required any response "be supported by documentary evidence including, if applicable, affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein." (Doc. 3 at 2.)

Respondent's response argued Nguyen was not entitled to relief because he had been "issued a travel document and is scheduled for removal from the United States to Vietnam on May 5, 2026." (Doc. 7 at 4.) In support of that assertion, respondent provided a declaration from Robert E. Jones, a deportation officer at the Florence Detention Center where Nguyen is housed. (Doc. 7-1 at 1.) As relevant here, Jones's declaration stated it was "based on [his] personal knowledge" and his review of "government databases and documentation relating to Mr. Nguyen's file." (Doc. 7-1 at 2.) Based on that review, Jones

stated: "[o]n April 3, 2026, [Headquarters Removal and International Operations] advised ICE that a [travel document] was issued and Nguyen was scheduled for a charter flight on May 5, 2026, to be removed from the United States to Vietnam." (Doc. 7-1 at 5.)

On April 30, 2026, Nguyen filed a "Motion for Temporary Restraining Order and Motion to Enforce Compliance with the Order to Show Cause." (Doc. 13.) Nguyen seeks a temporary restraining order prohibiting his removal from the United States until respondent provides "satisfactory travel documents to support respondent's assertion that his removal will be executed in a manner consistent with due process." (Doc. 13 at 6.) According to Nguyen, respondent did not comply with the court's order to show cause requiring the production of evidence from someone with personal knowledge. Nguyen argues the declaration uses the passive voice and "resort[s] to hearsay," which "invite[s] questions about the provenance of the travel document" at issue. (Doc. 13 at 3.) The portion of Nguyen's motion requesting compliance with the order to show cause requests the court order respondent produce documents, especially the travel document the government will use to remove Nguyen on May 5, 2026.

Generally, a court analyzes a request for a temporary restraining order under two slightly-different tests. First, it must evaluate if there is a likelihood of success on the merits, if there is a likelihood of irreparable harm, whether the balance of equities tips in the movant's favor, and whether an injunction would be in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Second, a court must assess whether "serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor" in addition to showing "a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Nguyen's motion fails at the first step under either formulation.[1]

---

[1] There is a threshold issue involving the substance of Nguyen's complaint and his request for injunctive relief. A restraining order is appropriate to grant "intermediate relief of the same character as that which may be granted finally," but relief is not proper when it is requested on matters lying wholly outside the issues in the suit. *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). Here, the complaint seeks relief in the form of release from custody while

Whether viewed as a likelihood of success on the merits or serious questions going to the merits, Nguyen has not carried his burden. At the core of Nguyen's motion for injunctive relief is the assertion that respondent did not comply with the court's order requiring evidence be based on personal knowledge. In the present circumstances, the declaration by Jones states it is based at least in part on personal knowledge and is sufficient to show there is a reasonable likelihood of removal in the near future. That was all that is required at this point.

Jones's declaration reflects he personally reviewed the available information and determined there is a travel document that will allow for Nguyen's removal to Vietnam. Although it would have been preferable for Jones to attest to his personal review of the travel document itself, or for the government to file a copy of the travel document, Nguyen does not present any convincing basis to believe the planned removal to Vietnam is not authorized by a valid travel document nor any evidence that he might be removed to some other country. The present record does not show Nguyen is likely to succeed on his argument that his removal is unlikely in the reasonably foreseeable future, nor does it show serious questions going to the merits. If Nguyen is not removed to Vietnam on May 5, 2026, he may file an appropriate motion.

Accordingly,

**IT IS ORDERED** the Motion for Appointment of Counsel (Doc. 10) is **GRANTED** and Assistant Federal Public Defender Keith Hilzendeger is appointed to represent petitioner in this matter.

**IT IS FURTHER ORDERED** the Motion for Extension (Doc. 12) is **GRANTED**. Petitioner shall file his reply in support of the petition for writ of habeas corpus no later than **May 13, 2026**.

---

the request for temporary restraining order seeks relief in the form of a prohibition on his removal from the United States. There may not be a sufficient relationship "between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint" to permit granting the relief sought in the motion. *Id.* at 636. But the court need not resolve that issue because the motion fails on other grounds.

**IT IS FURTHER ORDERED** the Motion for Temporary Restraining Order (Doc. 13) is **DENIED**.

Dated this 1st day of May, 2026.

Honorable Krissa M. Lanham
United States District Judge